Albert E. VINEY, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 30863.

United States District Court, E. D. Michigan, S. D.

March 13, 1970.

Sanford L. Steiner, Ripple & Chambers, Detroit, Mich., for plaintiff.

James H. Brickley, U. S. Atty., Detroit, Mich., for defendant.

## OPINION

FREEMAN, Chief Judge.

This is a proceeding to review the decision of the Secretary of Health, Education and Welfare reducing to zero the amount of disability benefits payable to plaintiff pursuant to 42 U.S.C. § 424a. This court's jurisdiction is founded on 42 U.S.C. § 405(g). Both plaintiff and the Secretary have filed motions for summary judgment and submitted this cause to the court for decision on briefs.

The plaintiff filed an application for disability benefits for himself under 42 U.S.C. § 423 and for his family (wife and three minor children) under 42 U.S. C. § 402 on May 10, 1966. On October 18, 1966, the Secretary determined that plaintiff was disabled and that the total monthly benefit due him and his family was $296, commencing July 1966. [Tr. p. 5.] However, plaintiff was receiving Workmen's Compensation payments at that time of $84 a week ($364 per month). These payments began December, 25, 1965, and were increased to $86 a week beginning September 1, 1966. [Tr. p. 5.] In view of these Workmen's Compensation payments and in accordance with his understanding of 42 U.S.C. § 424a, the Secretary determined that the Social Security benefits payable to plaintiff and his family had to be reduced to zero.

In relevant part, 42 U.S.C. § 424a provides that if the total of Social Security benefits under 42 U.S.C. §§ 423 and 402 plus such periodic benefits payable and actually paid in any month to an indi-

vidual under a Workmen's Compensation law exceed 80 per cent of his "average current earnings" the benefits payable under the Social Security Act shall be reduced by the amount of such excess, but not below zero. The phrase "average current earnings," as relevant here, was defined in Section 424a as it appeared in 1966 to mean "one-sixtieth of the total of his wages and self-employment income for the five consecutive years after 1950 for which such wages and self-employment income were highest." Public Law 89–97, Title 3, Section 335.

The parties agree that the years 1961 through 1965 constitute the relevant five-year period where plaintiff's earnings were highest. His earnings in these years were:

| | |
|---|---|
| 1961 | $5,139.87 |
| 1962 | $8,262.63 |
| 1963 | $8,432.34 |
| 1964 | $8,197.32 |
| 1965 | $8,215.14 |

Plaintiff does not claim or show any self-employment income. [Tr. p. 6.]

The sole issue in dispute is the meaning of the term "wages" as used in the above-quoted definition of the phrase "average current earnings" in 42 U.S.C. § 424a as it appeared in 1966. The Secretary claims that the term "wages" is a term of art in the Social Security Act and defined for all purposes of that Act in 42 U.S.C. § 409, which provides in relevant part:

"For the purposes of this subchapter, the term 'wages' means * * * remuneration paid after 1950 for employment, including the cash value of all remuneration paid in any medium other than cash; except that, in the case of remuneration paid after 1950, such term shall not include—

* * * * * *

"(3) That part of remuneration which, after remuneration (other than remuneration referred to in the succeeding subsections of this section) equal to $4,800 with respect to employ-

ment has been paid to an individual during any calendar year after 1958 and prior to 1966, is paid to such individual during such calendar year; * * *."

Under this definition, only that part of plaintiff's wages which was creditable to his Social Security account, i. e., $4,800 annually, could be used in determining his "average current earnings." The plaintiff contends that the term "wages" is used in its ordinary meaning and not as specifically defined in the Act.

In deciding this issue, the court has examined Section 424a as it read in 1966 and as it reads now as well as the legislative history of Section 424a when it was originally adopted in 1965 and the legislative history of the amendment effective in 1968. The court has concluded that the Secretary's construction of Section 424a was correct, and his determination must be affirmed.

The Senate Report dealing with Section 424a, as originally proposed and enacted in 1965, makes it clear that the term "wages" included only that part of a person's earnings which is credited to his Social Security account. This is perhaps clearest in an illustration of the operation of Section 424a.

"Assume, further that disabled worker's average monthly wage computed under section 215 of the Social Security Act equals $340 and that one-sixtieth of the wages and self-employment income *credited to his social security account* in his five highest consecutive years after 1950 equals $400." 1 U.S.Code Congressional and Administrative News at 2200 (1965) [Emphasis added].

In 1968, Section 424a was amended in order to remove this limitation on the amount of a person's earnings which could be counted in arriving at his "average current earnings." The Act now provides that the term "average current earnings" may mean

"one-sixtieth of the total of his wages and self-employment income (comput-

ed without regard to the limitations specified in sections 409(a) and 411 (b) (1) of this title) for the five consecutive calendar years after 1950 for which such wages and self-employment income were highest. In any case where an individual's wages and self-employment income reported to the Secretary for a calendar year reach the limitations specified in sections 409(a) and 411(b) (1) of this title, the Secretary under regulations shall estimate the total of such wages and self-employment income for the purposes of clause (B) of the preceding sentence on the basis of such information as may be available to him indicating the extent (if any) by which such wages and self-employment income exceed such limitations."

Public Law 90–248, which contained this amendment, specifically provided that the amendment was not to be retroactive. See P.L. 90–248, § 159(b).

The Senate Report explaining the amendment to Section 424a specifically stated:

"Under present law, the social security benefits payable to him and his family are reduced by the amount, if any, by which the total monthly benefits payable under the two programs [Social Security Act and Workmen's Compensation program] exceed 80 per cent of his 'average current earnings' before he became disabled. A worker's average current earnings for this purpose are considered to be equal to the larger of (a) the average monthly wage used for computing his social security benefits, or (b) his average monthly earnings in covered employment and self-employment during his 5 consecutive years of highest covered earnings after 1950 (not counting that part of the earnings in excess of the maximum annual amount that is taxable and creditable for social security purposes). Under the bill, covered earnings in employment and self-employment in excess of the maximum annual amount that is taxable and creditable for social security purposes are to be included in computing the disabled worker's average monthly earnings during his 5 consecutive years of highest covered earnings after 1950, thus permitting payment of a larger social security benefit than under present law in some cases." 2 U.S. Code Congressional and Administrative News (1967) at 3104.

The legislative history of Section 424a as originally proposed as well as the amendment to that section in 1966 both indicate plainly that Congress understood Section 424a as originally enacted to provide that the term "wages" was used as defined in 42 U.S.C. § 409.

■ Plaintiff contends, in the alternative, that he should have the benefit of a $6,600 maximum rather than the $4,800 maximum applied by the Secretary. The argument cannot be sustained. This court has held that the term "wages" in Section 424a is defined by Section 409. Section 409 provides that, for income earned after 1958 and prior to 1966, the maximum annual earnings that may be considered is $4,800. Also, as pointed out by counsel for the Secretary this issue was neither raised before the Secretary nor decided by him. Consequently, it cannot be raised in this proceeding to review the decision of the Secretary. 42 U.S.C. § 405(g).

For these reasons, plaintiff's motion for summary judgment will be denied; and defendant's motion for summary judgment will be granted. An appropriate order may be submitted.